## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**WILLIAM JO TUCKER**                                                                                                **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:23-CV-P329-CRS**

**OFC. CODY HILLOCK**                                                               **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff William Jo Tucker, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses Plaintiff's claims.

### I. STATEMENT OF CLAIMS

Plaintiff, who is incarcerated at the Larue County Detention Center, sues parole officer Cody Hillock in his official capacity. Plaintiff states that he was released on "mandatory re-entry supervision" in August 2022. According to Plaintiff, the Kentucky Department of Corrections (KDOC) required him to have a psychological evaluation as a condition of parole. He states that he has a history of multiple diagnoses of psychosis which are noted in his medical history. Plaintiff states that when he first reported to Defendant Hillock, he told Defendant Hillock that he needed a mental evaluation. However, Plaintiff explains, Defendant Hillock responded that, after speaking to Plaintiff, he did not think that a mental evaluation was necessary, even after he looked over all of the KDOC's conditions of release.

Plaintiff then states that he was treated at Hardin Memorial Hospital but that he "refused [to have a] blood test."[1] He asserts that a non-consensual blood test cannot be used to prove guilt according to a 2021 Kentucky Supreme Court decision, yet he still acquired an aggravated DUI charge.

Plaintiff next alleges that he was tricked into "marking [a] parole violation warrant served on 5/4/23 . . . by James Richardson of Larue County Police hours after being treated at Hardin Memorial Hospital." Plaintiff alleges that Officer Richardson served the parole violation warrant by saying to Plaintiff, "'here, sign this.'" Plaintiff alleges that he has issues understanding and should have been made aware of the contents of document before he "marked" it.

The complaint also alleges that Kentucky State Police "post #4" used excessive force, apparently causing him to sustain a back injury at the Larue County Detention Center on May 4.

As relief, Plaintiff asks for a psychological evaluation, to be sent to "rehab" at Kentucky Correctional Psychiatric Center, and to have his parole reinstated.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v.*

---

[1] The Court assumes that Plaintiff's treatment at the hospital was occasioned by the event leading to the DUI charge.

*MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Defendant Hillock

Plaintiff alleges that his parole officer, Defendant Hillock, failed to ensure that he received a mental evaluation despite such an evaluation being required by the KDOC.

"To establish a claim under § 1983, a plaintiff must show that he was deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.'" *Strickland on Behalf of Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997) (quoting 42 U.S.C. § 1983). A state official's failure to abide by the state's own regulations does not, by itself, rise to the level of a constitutional violation. *See, e.g.*, *Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992) ("[F]ailure to comply with a state regulation is not itself a constitutional violation."). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)); *see also Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996).

Plaintiff does not allege a constitutional or federal law violation and, therefore, fails to state a claim under § 1983.

### B. Blood test

Plaintiff alleges that he was administered a blood test without his consent while he was in the hospital. He appears to allege that because of the blood test, he was charged with DUI.

Plaintiff does not name the party responsible for the alleged non-consensual blood test and allowing him to amend his complaint to do so would be futile because this claim would not survive initial review under § 1915A. "Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014).

Plaintiff identifies himself in the complaint as both a convicted inmate and a pretrial detainee. The most logical reading in light of the information Plaintiff gives is that Plaintiff was a convicted inmate released on parole who is now incarcerated as a pretrial detainee on the DUI charge. Under this scenario, Plaintiff's claim related to the non-consensual blood test relates to an ongoing state-court criminal proceeding.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court considered the propriety of federal-court intervention in pending state criminal prosecutions. "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*,

498 F.3d 328, 332 (6th Cir. 2007)). If the three *Younger* criteria are satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention appropriate." *Graves*, 534 F. App'x at 406 (citing *Am. Family Prepaid Legal Corp.*, 498 F.3d at 332).

The Commonwealth of Kentucky clearly has an important interest in adjudicating Plaintiff's criminal action. Moreover, Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is ultimately convicted in the trial court, he still has a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court. In addition, Plaintiff alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. *See Am. Family Prepaid Legal Corp.*, 498 F.3d at 334 ("Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.") (internal quotation marks and citation omitted) (emphasis added in *Am. Family*).

The Court, therefore, finds that allowing Plaintiff to amend to name the responsible party on this claim would be futile, as the Court would be required to abstain from considering this claim. Consequently, the Court will dismiss this claim for failure to state a claim.

### C. Service of warrant

Plaintiff alleges that he was tricked into "marking [the] parole violation warrant" by Richardson hours after being treated at the hospital. According to Plaintiff, Richardson did not make him aware of what he "marked" even though Plaintiff has difficulties in understanding.

Plaintiff does not name Richardson as a Defendant. Allowing amendment to name Officer Richardson as a Defendant, however, would be futile.

First, Plaintiff does not contend that the warrant Richardson served on him was invalid. Even had Plaintiff refused to place his signature or "mark" on the warrant to indicate that he received it, it would not render the warrant unconstitutional; if so, every arrestee could contest a warrant's constitutionality by simply refusing to provide a signature or other indication that he received it.

Second, if Plaintiff is challenging his current incarceration by alleging that he did not know what the parole violation warrant was, such claim concerns the validity of his continued confinement and is not properly brought under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

### D. Excessive-force claim

Plaintiff alleges that Kentucky State Police "post #4" used excessive force on him at the Larue County Detention Center, causing him to sustain a back injury.

The Kentucky State Police is not a named Defendant. The Court finds that amendment to name the Kentucky State Police as a Defendant is not warranted.

The Kentucky State Police is an arm of the State of Kentucky and, as such, is entitled to immunity from suit under the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Kenney v. Paris Police Dep't*, No. 5:07-CV-358-JMH, 2011 WL 1582125, at *5 (E.D. Ky. Apr. 26, 2011) ("The Sixth Circuit has previously recognized the Kentucky State Police is entitled to governmental immunity under the Eleventh Amendment."). Additionally, states, state agencies, and state officials sued in their official

capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Once again, allowing Plaintiff to name a police officer in his individual capacity or in his official capacity for injunctive relief[2] would be futile. Under the Federal Rules of Civil Procedure, Plaintiff could not bring suit against Defendant Hillock and the Kentucky State Police officer(s) responsible for the alleged excessive force because to do so would result in misjoinder. Rule 20 of the Federal Rules of Civil Procedure provides that a plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. Fed. R. Civ. P. 20(a)(2); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) ("[A] civil plaintiff may not name more than one defendant in his . . . complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.").

Plaintiff's claim against his parole officer for his actions at the time Plaintiff was released on parole and a claim against a Kentucky State Police officer on a later date at the Larue County Detention Center do not arise from the same transaction or occurrence. Accordingly, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss this civil action.

Date: November 20, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4411.009

---

[2] The Eleventh Amendment permits suits against state officials in their official capacities for prospective injunctive relief in order to ensure the enforcement of federal law. *Ex Parte Young*, 209 U.S. 123 (1908).